IN UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILTON LLOYD HILL,

    Plaintiff,

v.

CITY OF CLEARWATER, FLORIDA, a municipal corporation,

    Defendant.

Case No. _____

## VERIFIED COMPLAINT

Plaintiff WILTON HILL ("Plaintiff" or "Hill") by and through his undersigned counsel, hereby sues the Defendant, CITY OF CLEARWATER ("the City") and alleges as follows:

### CAUSES OF ACTION

1. This is an action under the Florida Civil Rights Act., Fla. Stat. § 760.01 et seq. (FCRA) and the Americans with Disabilities Act as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq. (ADA) for Defendant's unlawful employment practices against Plaintiff based on his disability and protected activity. The action seeks temporary injunctive relief and attorney's fees.

### PARTIES

2. Plaintiff Wilton Lloyd Hill ("Hill" or "Plaintiff") is domiciled in Pinellas County, Florida.

3. Defendant City of Clearwater is a municipal corporation in Pinellas County, Florida.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the ADA claims pursuant to 28 U.S.C. § 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under

the ADA. This Court has jurisdiction over the FCRA claims under 28 U.S.C. § 1367(a) because the FCRA claims are so related to the ADA claims that they form part of the same case or controversy.

5. Personal jurisdiction and venue are proper in the United States District Court for the Middle District of Florida because at all times material, Defendant conducted business in, and significant events giving rise to Plaintiff's claims occurred within the Florida counties comprising the U.S. District Court, Middle District of Florida.

6. Venue is proper in the Tampa Division under Local Rule l.02(b)(5) since the action accrued in Pinellas County, Florida over which the Tampa Division has jurisdiction.

## CONDITIONS PRECEDENT AND PROCEDURAL REQUIREMENTS

7. All conditions precedent to bringing this action have been performed or have occurred.

8. On January 6, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in Tampa, Florida, which was also deemed filed with the Florida Commission on Human Relations (FCHR). Plaintiff filed the charge within three hundred (300) days of the occurrence of one or more of the alleged employment practices that violated the ADA and FCRA.

9. On February 3, 2021, counsel for Plaintiff submitted a written request to the EEOC to immediately issue a Notice of Right to Sue.

10. Plaintiff is still awaiting a Notice of Right to Sue or other action by the EEOC regarding the Charge.

11. Notwithstanding pendency of the Charge of Discrimination, the Court is empowered to grant temporary injunctive relief to prevent irreparable harm.

## ADA/FCRA COVERAGE AND ELIGIBILITY

12. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5) and Fla. Stat. § 760.02(7) who currently has in excess of fifteen (15) employees and did so in each of twenty (20) or more calendar weeks in the preceding calendar year.

13. Plaintiff is a "qualified individual" within the meaning of 42 U.S.C. § 12111(8).

14. He suffers from diabetes, anemia, coronary artery disease and hypertension for which he is under medical care.

15. He can perform the essential functions of his employment position with a reasonable accommodation for his disabilities.

## STATEMENT OF FACTS

16. Defendant is a municipality in the State of Florida.

17. Plaintiff has worked for Defendant since 2015 and is a Systems Programmer.

18. As stated, Plaintiff is a person with a disability in that he suffers from diabetes, anemia, coronary artery disease and hypertension.

19. According to the Center for Disease Control, these conditions put Plaintiff at an increased risk for severe illness from exposure to COVID-19.

20. Despite these conditions, at all times material to this matter, Plaintiff has been able to perform the essential functions of his job position with reasonable accommodation.

21. Plaintiff has a record of a disability impairment of which Defendant was aware.

22. Plaintiff was regarded as or perceived as having a disability impairment by Defendant.

23. Due to the COVID pandemic, Plaintiff (along with his colleagues) was directed by Defendant to work from home. Defendant later recalled everyone to return to work in the office on June 1, 2020.

24. On June 10, 2020, considering the continuing danger COVID posed to his health, Plaintiff made a reasonable request to be permitted to continue working from home. Plaintiff submitted a completed "ADA Accommodation Request Medical Provider Instruction Form (COVID-19)" wherein Plaintiff's healthcare provider ordered that Plaintiff "work remotely from home." **(Ex. 1)**.

25. Defendant granted the accommodation request, and Plaintiff was permitted to work from home until the end of September 2020.

26. At the end of September/beginning of October 2020, Plaintiff experienced a hypertensive crisis. Plaintiff's treating medical provider furnished a note (dated October 2, 2020), which Plaintiff provided to Defendant, stating Plaintiff's underlying conditions and the instruction that Plaintiff work from home until November 30, 2020. **(Ex. 2)**.

27. Proximate to this time, Plaintiff was approved for intermittent FMLA leave in connection with his chronic health conditions.

28. Pending Defendant's consideration of Plaintiff's accommodation request, Plaintiff returned to work in the office on October 5, 2020.

29. Thereafter, on October 7, 2020, Defendant rejected Plaintiff's reasonable accommodation request to work from home under the false premise that granting the request would pose "operational hardships." **(Ex. 3)**.

30. Defendant did not articulate the assertion of hardship and simply stated that Plaintiff could "still provide an accommodation request for alternative options such as workplace modification(s)..." However, mere modification of the existing workplace was inconsistent with Plaintiff's provider's unequivocal recommendation that Plaintiff work from home.

31. The request for leave was reasonable and presented no undue hardship to Defendant.

32. On October 8, 2020, Plaintiff became extremely ill, and sought medical treatment. **(Doctor's Consult Summary, Ex. 4)**. In light of the symptoms with which he presented, it was presumed that Plaintiff had contracted COVID, and it is likely that he was exposed to the virus in the workplace as he had not been in any similar enclosed spaces at close proximity to other individuals.

33. Per Plaintiff's provider's instructions, he was to remain out of work from October 8 through 21, 2020. **(Ex. 5)**.

34. However, on October 21, 2020, Defendant wrongfully directed that Plaintiff submit to the indignity of a "Fitness for Duty Evaluation" with a psychiatrist. The fitness-for-duty exam was neither job-related nor consistent with business necessity, let alone based upon a reasonable belief that Plaintiff suffered from a condition that would prevent him from performing the essential functions of his job.

35. On October 27, 2020, Plaintiff underwent the fitness for duty exam. Pending the results, Plaintiff was placed on administrative leave. Plaintiff was ultimately cleared to return to work on November 3, 2020.

36. On November 20, 2020, Plaintiff again sought permission to work from home as a reasonable accommodation for his disabling conditions. **(Ex. 6)**. In connection therewith, Plaintiff's treating physician provided documentation confirming Plaintiff's need for the requested accommodation. **(Ex. 7)**. Specifically, Plaintiff's doctor instructed that Plaintiff "be isolated from others and allowed to work from home during the COVID pandemic."

37. By way of correspondence dated November 24, 2020, Defendant's Diversity and Equity Manager, Deiunice Deris informed Plaintiff that Defendant refused to accept Plaintiff's reasonable accommodation request. **(Ex. 8)**.

38. In the letter, Mr. Deris erroneously stated that Plaintiff's department "went through the interactive process."

39. To the contrary, Defendant summarily rejected the request and improperly substituted its judgment for that of Plaintiff's healthcare provider.

40. Defendant's offer to move Plaintiff's workspace to a more secluded area was not an acceptable alternative and contravened Plaintiff's doctor's orders.

41. Defendant has failed to (nor can it) articulate why the reasonable accommodation request would work a hardship on its operations.

42. On December 2, 2020, legal counsel for Plaintiff corresponded with Defendant's counsel and, in part, demanded that Respondent permit Plaintiff to work from home per the directive of his treating physician. **(Ex. 9)**.

43. Defendant's legal counsel responded to Plaintiff's counsel on December 9, 2020 expressing Defendant's continuing refusal to grant the reasonable work from home accommodation. **(Ex. 10)**.

44. On or about December 18, 2020, Defendant communicated to Plaintiff that he would be permitted to work from home 1-2 days each week.

45. Defendant did not actually permit this partial work from home schedule until after the first of the new year, and even then, it has only allowed Plaintiff to work from home for one day per week.

46. Defendant has also communicated that it will require Plaintiff to travel to its multiple Recreation Centers, an activity which will serve to only increase Plaintiff's high risk of serious illness.

47. According to Defendant's website, as of February 4, 2021, at least 188 employees of Defendant have tested positive for COVID. Of those employees, 26 have tested positive in the City's Parks and Recreation Department.

48. Defendant falsely attributes its denial of Plaintiff's reasonable accommodation request to "department operations."

49. Plaintiff can perform (and has performed) all of the essential functions of his job position from home. To be sure, Plaintiff had in fact performed the essential job functions while working from home between March and the end of September 2020.

50. By virtue of Defendant's actions, Plaintiff has retained undersigned counsel and is obligated to pay a reasonable attorney's fee.

## COUNT I
*(Americans with Disabilities Act "ADA" – Disability Discrimination – Failure to Accommodate)*

51. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 48.

52. Plaintiff has multiple disabilities as defined by the ADA.

53. By virtue of his disabilities, Plaintiff is at high risk of serious illness if exposed to the COVID-19 virus.

54. Plaintiff is qualified for his job position.

55. Plaintiff is able to perform the essential duties of the position with a reasonable accommodation.

56. Plaintiff has repeatedly requested a reasonable accommodation for his disabilities in the way of permission to work from home.

57. The requested accommodation would not pose any undue hardship for Defendant.

58. Defendant discriminated against Plaintiff in violation of the ADA by refusing to accommodate his disabilities.

59. Plaintiff is likely to succeed on the merits of his disability and retaliation claims set forth in his pending EEOC Charge.

60. Plaintiff will suffer irreparable harm if he continues to be exposed to his current workspace without a temporary restraining order or preliminary injunction allowing him to work from home.

61. Plaintiff's irreparable harm outweighs any potential harm to Defendant if it is enjoined or ordered to allow Plaintiff to work from home.

62. The public interest will be served and not be adversely affected if Defendant is enjoined and ordered to permit Plaintiff to work from home.

WHEREFORE, Plaintiff demands a temporary injunction or restraining order ordering Defendant to grant Plaintiff the reasonable accommodation of working from home. Plaintiff further seeks the costs of suit, reasonable attorney's fees, and such other and further relief that the Court deems just and proper.

## COUNT II
### *(Florida Civil Rights Act "FCRA" – Disability Discrimination – Failure to Accommodate)*

63. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations in paragraphs 1 through 48.

64. At all relevant times, Plaintiff was an "employee" within the meaning of the FCRA, and Defendant was an "employer" within the meaning of the FCRA.

65. Plaintiff has multiple handicaps within the meaning of the FCRA.

66. As stated above, Defendant discriminated against Plaintiff by refusing to provide a reasonable accommodation, which violated the FCRA.

67. Plaintiff is likely to succeed on the merits of his disability and retaliation claims set forth in his pending EEOC Charge.

68. Plaintiff will suffer irreparable harm if he continues to be exposed to his current workspace without a temporary restraining order or preliminary injunction allowing him to work from home.

69. Plaintiff's irreparable harm outweighs any potential harm to Defendant if it is enjoined or ordered to allow Plaintiff to work from home.

70. The public interest will be served and not be adversely affected if Defendant is enjoined and ordered to permit Plaintiff to work from home.

WHEREFORE, Plaintiff demands a temporary restraining order ordering Defendant to grant Plaintiff the reasonable accommodation of working from home. Plaintiff further seeks the costs of suit, reasonable attorney's fees, and such other and further relief that the Court deems just and proper.

Dated this ____ day of February 2021.

Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
BRIAN K. CALCIANO
Florida Bar No. 10887
*Counsel for Plaintiff*
**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 310
St. Petersburg, Florida 33701
(727) 201-2573 | (727) 491-7072 – Fax
mike@flemploymentlaw.com
brian@flemploymentlaw.com

## VERIFIED COMPLAINT

    I, Wilton Lloyd Hill, hereby attest under penalty of perjury that the allegations contained herein are true and correct.

_____        _____
Date                                                     WILTON LLOYD HILL